UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TONY L. PLUMB, )
)
    Plaintiff, )
)
v. ) CAUSE NO.: 4:10-CV-6-TLS
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

**OPINION AND ORDER**

On March 1, 2011, United States Magistrate Judge Andrew P. Rodovich filed his Report and Recommendation (R&R) [ECF No. 24] recommending that the Court deny the Plaintiff's Petition for Judicial Review of the Decision of the Commissioner of Social Security. On March 10, 2011, the Plaintiff filed Objections to Recommendations of Magistrate Judge [ECF No. 26], and on March 24 the Defendant filed a Response [ECF No. 27].

For the following reasons, the Court will overrule the Plaintiff's objections and will adopt the Report and Recommendation.

**BACKGROUND**

The Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) on February 27, 2006, alleging a disability onset date of June 30, 2004. After being denied benefits twice, on July 20, 2006, he requested a hearing before an Administrative Law Judge (ALJ). The Defendant appeared and testified before ALJ Albert Velasquez at two separate hearings, the first on September 16, 2008, and the second on April 20, 2009. On June 23, 2009, the ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act from the alleged onset date of June 30, 2004, through the date of the decision. Following a denial

for review by the Appeals Council, the Plaintiff filed his Complaint [ECF No. 1] with this Court on January 15, 2010.

At the hearing with the ALJ, the Plaintiff testified about his physical and mental suffering. The Plaintiff claimed to have some difficulty with everyday living and chores, but he could do some tasks that did not require climbing stairs or prolonged lifting or carrying. A vocational expert (VE) testified to the unlikelihood of the Plaintiff's ability to return to his past relevant work but said that he would likely be able to perform un-skilled light work, such as light assembly work or cashier work. After hearing the evidence, the ALJ followed the sequential five-step analysis required by the Social Security regulations (20 C.F.R. §404.1520 (DIB), §416.920 (SSI)) and found in favor of the Defendant.

Magistrate Judge Rodovich's R&R recommends that the Court affirm the ALJ's determination as adopted by the Defendant. In the R&R, Magistrate Judge Rodovich reviewed the ALJ's five-step analysis and addressed the Plaintiff's arguments, concluding that: the ALJ's credibility determination was not patently wrong, unreasonable, or unsupported; even though the ALJ did not explicitly consider the Plaintiff's obesity, he considered it as part of the doctors' opinions; while the Hearings, Appeals, and Litigation Law Manual's (HALLEX) use and application is not uniform, the Plaintiff does not prevail on these uses or applications; and the ALJ did not show any bias as to deny the Plaintiff an opportunity to be meaningfully heard.

## DISCUSSION

District courts may affirm, modify, or reverse an ALJ's decision, with or without remanding the case for a rehearing, but a court's review is limited and must uphold the ALJ's factual findings if they are supported by substantial evidence. 42 U.S.C. §405(g); *Diaz v. Chater*,

55 F.3d 305 (7th Cir. 1995). Evidence is substantial when a reasonable person could accept it to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1972); *Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Determining whether evidence is substantial requires courts to thoroughly and critically review all evidence that supports conclusions, detracts from them, and is in the record. *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984); *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 388–89 (7th Cir. 1992).

It is the ALJ's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the outcome of a case accordingly. *See Richardson*, 402 U.S. at 399–400. The ALJ is also responsible for the resolution of conflicting evidence that would allow reasonable minds to differ as to whether a claimant deserves benefits. *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ's decision must demonstrate his path of reasoning with the evidence logically leading to his conclusion. *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). This glimpse into his reasoning does not require reflection on every piece of evidence in the record. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

The reviewing federal court may not decide the facts anew, re-weigh the evidence, or substitute its judgment for that of the ALJ. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). However, if the ALJ commits an error of law, reversal is required regardless of the supporting evidence of the factual findings. *See Binion*, 108 F.3d at 782; *see also Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). This error of law results from a deviation of the Commissioner of Social Security's regulations and rulings. *See Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991).

The specific objections to a Magistrate Judge's R&R are reviewed by the court *de novo*. 28 U.S.C. §636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) (regarding how a party serves "specific

written objections to the proposed findings and recommendations" of a magistrate judge). The Seventh Circuit's interpretation of Rule 72(b) requires a party to object to specific issues without requiring a basis for the objections. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 905 (7th Cir. 1999); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999).

The Plaintiff presents four objections: he objects to the ALJ's application of the HALLEX, the Magistrate Judge's failure to address allegedly prejudicial ALJ statements, the overall tone of the proceedings in front of the ALJ, and the ALJ's credibility determination as applied in his findings.

A.  **Use of the HALLEX**

The Plaintiff argues that the HALLEX is binding and that he was prejudiced when the ALJ misused the Manual. However, multiple circuits find the HALLEX to be non-binding or differ on its influence.[1]

Even if the Court applied the Fifth Circuit's strict HALLEX standard, the Plaintiff still fails to establish that any violation of the HALLEX resulted in prejudice. At his second hearing in front of the ALJ, the Plaintiff had the opportunity to examine, comment on, object to, and refute the evidence. Furthermore, the Plaintiff attended the second hearing with a copy of the

---

[1] While the HALLEX's binding power has not been conclusively resolved in this circuit, the Ninth and Fifth Circuits have addressed its inconsistent influence. *Compare Moore v. Apfel*, 216 F.3d 864, 868–69 (9th Cir. 2000) (finding the HALLEX to be a purely internal manual without legal influence) with *Newton v. Apfel*, 209 F.3d 449, 459–60 (5th Cir. 2000) (holding that, even though HALLEX is not legally binding, the agency commits reversible error when failing to follow its own procedures resulting in prejudice to an individual). The district courts in this circuit favor the Ninth Circuit's approach. *See, e.g.*, *Zoromski v. Astrue*, 2008 WL 3656228, *10 (W.D. Wis. Mar. 4, 2008) (finding that "the HALLEX manual is not binding on the agency and has no legal force" when a claimant disputes the processing of evidence); *Gardner v. Barnhart*, 2004 WL 1470244 (N.D. Ill. June 29, 2004) (stating that, "HALLEX does not carry the authority of law") (citing *Moore*, 216 F.3d at 869); *Cloute v. Barnhart*, 2004 WL 1469374 (W.D. Wis. June 25, 2004) (finding that certain sections of the HALLEX lack "regulatory teeth"); *Blevins-Moore v. Barnhart*, 2003 WL 21919191, *3 (N.D. Ind. July 30, 2003) (finding that Federal Regulations control over the HALLEX).

evidence. Consistent with the HALLEX's policy implications, the ALJ called the second hearing, in part, to help clarify some of the issues. The ALJ's decision to conduct two hearings demonstrates the importance of making thoroughly explored, substantiated, and fair decisions that allow both sides to comment, explain, and refute evidence in question. The Plaintiff has not demonstrated the prejudice required to merit relief from the ALJ's decision simply because he failed to follow the HALLEX's mandate of a proffer of evidence.

The Supreme Court and other courts in this circuit have held that similar regulations are not binding. *See, e.g.*, *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (explaining that the Social Security Administration (SSA) is not legally bound by the Claims Manual which is not a regulation because "it is a 13-volume handbook for internal use by thousands of SSA employees" ); *Parker ex rel. Lamon v. Sullivan*, 891 F.2d 185, 190 n.4 (7th Cir. 1989) (explaining the same conclusion as *Schweiker*, but with regards to the Program Operations Manual System); *but see Lauer v. Bowen*, 818 F.2d 636, 640, n.8 (7th Cir. 1987) (finding that interpretive rulings are binding upon the SSA).

**B.     The ALJ's Statements Regarding the Plaintiff's Work**

In the Plaintiff's Objections, he says that the Magistrate Judge did not address a finding by the ALJ that the Plaintiff was "work[ing] harder than [he] did when [he] had a 40 hour a week job" and that he made "$3,000 on a weekend." The Plaintiff says this information cannot be found in the records, it is a misstatement of information resulting in a harmful error, and the Plaintiff could not properly defend himself against these statements. The Defendant responds that these arguments are unavailing for the reasons set forth in the Commissioner's Brief (Def.'s Br. at 14–20, ECF No. 27) and that the ALJ did not cite or mention these records in his decision

or credibility finding (*See* Tr. 17–21, 580–84, 613–15, ECF No. 27.)

It is not clear where the basis for these findings by the ALJ can be found. These statements could represent additional factors of many that substantiate the ALJ's conclusion. Other factors that are clearly supported by the record weigh significantly against the Plaintiff, such as the Plaintiff's subjective statements and testimony at his hearings about his treatments; the objective medical opinions presented through MRIs, X-rays, and diagnostic results all largely being within normal limits; no medical opinions that the Plaintiff has disabling limitations; effective medical and therapeutic treatment options; his doctor's instructions to exercise; his daily living activities and the VE's testimony of the Plaintiff's ability to perform un-skilled light work. Substantial evidence in the record, including the factors just listed, supported the ALJ's determination. In light of the other factors supporting the ALJ's determination, the Plaintiff has failed to demonstrate what prejudice resulted from the ALJ's comments regarding the Plaintiff's work and making $3,000 on a weekend.

## C. The Tone of the Hearings

The Plaintiff claims that the hearings were confrontational and frequently focused on irrelevant issues. The Plaintiff claims that the ALJ gauged the Plaintiff's level of functioning based on his girlfriend supporting him financially. The Defendant responds that the Plaintiff has not fulfilled his burden of showing how the ALJ's conduct was indicative of judicial bias.

The ALJ undisputedly enjoys a presumption of impartiality and to overcome this presumption the Plaintiff must show that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Scweiker v. McClure*, 456 U.S. 188, 195 (1982); *Keith v. Barnhart*,

473 F.3d 782, 788 (7th Cir. 2007) ("[The Seventh Circuit's] standard in determining whether an ALJ's display of bias or hostility requires setting aside his findings and conclusions and remanding the case for hearing before a new ALJ is an exacting one.") (quoting *NLRB v. Webb Ford, Inc.*, 689 F.2d 733 (7th Cir. 1982)). The Plaintiff contends that the ALJ relied on an article concerning Plaintiff's flea market activity to a harmful degree, but the ALJ did not cite the article in his decision. The Commissioner explained that the ALJ considered the Plaintiff's testimony as to his level of flea market activity as one factor within his credibility determination. Additional arguments about deprivation of due process because of the ALJ mis-citing a court record and making certain comments are not supported because these records were not cited or mentioned in the ALJ's decision or his credibility finding. (ECF No. 17; Tr. 17–21, 580–84, 613–15.) The Seventh Circuit tends to reject due process claims that raise a single isolated portion within a fundamentally fair record. *See Keith*, 473 F.3d at 788.

The ALJ's mention of financial support that the Plaintiff received from his girlfriend is not enough to substantiate a challenge to the ALJ's decision. Efficient and effective courtroom administration that can seem impatient, annoyed, or angry does not equate to bias or hostility. *See Keith*, 473 F.3d at 790 ("Routine efforts at courtroom administration . . . cannot sustain a claim of bias."). The transcript reveals that the ALJ thoroughly explored all relevant evidence in the present case and the Plaintiff does not satisfy the burden of demonstrating that the ALJ was biased.

### D.     The ALJ's Credibility Determination

The Plaintiff questions the Magistrate Judge's reliance on the ALJ's credibility determination regarding the Plaintiff's general testing. The ALJ concluded that the Plaintiff's

physical testing was within normal limits and the Magistrate Judge found that the ALJ's broad statements regarding the physical test results was not fatal to the ALJ's decision. *See Simila v. Astrue*, 573 F.3d 503, 517–20 (7th Cir. 2009). The Plaintiff challenges this finding and argues that the ALJ failed to properly take into account MRI results that contradicted the lack of any notations of inflammation, effusion, or swelling in the Plaintiff's physical testing results. The Defendant responds by explaining that the Plaintiff failed to meet his burden of demonstrating bias and that substantial evidence supports the ALJ's finding that physical testing had been within normal limits.

Substantial evidence supported the ALJ's credibility determination in the form of Plaintiff's testimony, medical evidence, doctors' opinions, the effectiveness and side effects of the Plaintiff's treatment and medications, doctors' instructions, and the Plaintiff's activities in accordance with 20 C.F.R. § 404.1529(a)–(c) and Social Security Ruling 96-7p (Tr. 17-21). The ALJ considered all of the evidence, he did not simply rely on the evidence that favored his determination. *See Denton v. Astrue*, 596 F.3d 419, 425–26 (7th Cir. 2010) (per curiam). Even though the Plaintiff objects to the broad and conclusory nature of the ALJ's finding, the Plaintiff has failed to meet his burden to overcome the presumption of ALJ impartiality because he has failed to establish that the ALJ cherry picked evidence instead of weighing all of the evidence to arrive at his conclusion. The ALJ's failure to weigh the evidence so as to result in a favorable outcome for the Plaintiff is not enough to establish partiality.

Regarding the Plaintiff's argument that general testing was outside normal limits, substantial evidence supports the ALJ's finding. The Plaintiff states generally that some of the physical testing resulted in abnormal findings and then describes a specific MRI, taken December 9, 2006 (ECF No. 24, pg. 12), that mentions protrusions. The ALJ considered this

MRI result and it did not substantially support a finding for disability. A few incidents of physicians of record mentioning a reduced range of motion, even when combined with the MRI results, do not overcome the instances where physicians of record noted a full range of motion, normal muscle strength, reflexes, sensation, gait, and grip strength. (ECF No. 27 at 4; Tr. 206–08, 238–39, 333–34, 344, 500, 507.) Thus, the Plaintiff has failed to demonstrate that these few mentions of reduced motion and some protrusions on one MRI establish that there was not substantial evidence on which the ALJ could rely in arriving at his findings.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Plaintiff's Objection to Recommendations of Magistrate Judge [ECF No. 26], ADOPTS Magistrate Judge Rodovich's Report and Recommendation [ECF No. 24] in its entirety, and ACCEPTS the recommended disposition. The Commissioner's decision is AFFIRMED. The Clerk is DIRECTED to ENTER JUDGMENT in favor of the Defendant and against the Plaintiff.

SO ORDERED on August 16, 2011.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION